[Civ. No. 8118.   Third Dist.   Apr. 29, 1952.]

LUTHER H. BRUMLEY, Respondent, v. JOHN MARTIN HALL et al., Appellants.

O'Hara, Randall, Castagnetto & Kilpatrick for Appellants.

Luther H. Brumley, in pro. per., for Respondent.

VAN DYKE, J.—Plaintiff, as owner of Lot 31 in Vallejo Farms Subdivision, Township of Vallejo, California, brought this action in quiet title against defendants as owners of the contiguous Lot 32.   The controversy involves the location of the boundary between the two lots, and the area in dispute is a strip of ground approximately 20 feet in width. The parties deraign title from a common source; all the deeds in the chain of title convey by reference to the recorded map.   This map shows three lots fronting on the east side of Maple Avenue between Hayman and Hargus Avenues.   Two of these, Lots 31 and 32, belong, as stated, to the parties hereto and the third, Lot 30, belongs to W. Hayman, not made a party.   It was stipulated that a certain surveyor be sent to locate by survey the line between the lots of plaintiff and defendants and he reported, and the court found, that there was a definite shortage of 19.65 feet along the center line of Maple Avenue between the center line of Hayman Avenue and the center line of Hargus Avenue so that, as the surveyor put it, he "was unable to locate

the property line between Lot No. 31 and Lot No. 30 and the property line between Lot No. 31 and Lot No. 32 as said lots are laid down and delineated upon the map.''

It was also found that neither party had established a superior title to the area in dispute by adverse possession or otherwise. The court thereupon divided the disputed area evenly between the parties and quieted title accordingly.· Defendants appeal.

■ It is appellants' contention that the trial court erred in apportioning the total deficiency between the two lots and that it should have made the apportionment on a front foot basis along Maple Avenue between the reference points established by the survey which would include Lots 30, 31 and 32. This contention must be sustained. As stated, neither party has title save as derived from the title deeds. The appropriate rule is stated in 11 Corpus Juris Secundum, page 737:

''Where a tract of land is subdivided and is subsequently found to contain either more or less than the aggregate amount called for in the surveys of the tracts within it, the proper course is to apportion the excess or deficiency among the several tracts. So, in the absence of any agreement or question of title by adverse possession, shortage in a block which has been platted into lots will be prorated among the several lots.''

The judgment is reversed, with directions to proceed in accordance with the views herein expressed.

Peek, J., and Schottky, J. pro tem., concurred.